Filed 6/5/25  In re S.M. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | D085516 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518856E) |
| v. | |
| H.P., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Alexander Calero, Judge.  Conditionally reversed and remanded with directions.

Emily Uhre, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, and Evangelina Woo, Senior Deputy County Counsel, for Plaintiff and Respondent.

H.P. (Mother) appeals from the juvenile court's findings and orders terminating parental rights over her child S.M. at the Welfare & Institutions Code[1] section 366.26 hearing. Mother's sole contention is the San Diego County Health and Human Services Agency (Agency) failed to investigate and conduct inquiry with S.M.'s relatives, including paternal grandmother Katherine B.[2] and paternal uncle Darrel M., and it did not do enough to locate David C., who may be S.M.'s uncle, as required by the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.). The Agency concedes it did not conduct initial inquiry with Darrel M. or Katherine B. It also concedes it should clarify David C.'s relationship to the minor and conduct further inquiry if necessary. The parties agree the case should be remanded for compliance with ICWA (see *In re Dezi C.* (2024) 16 Cal.5th 1112, 1136), and they have stipulated to the immediate issuance of remittitur. Accordingly, we conditionally reverse the orders entered at the section 366.26 hearing and remand for compliance with the inquiry provisions of ICWA and related California law.

BACKGROUND

A.    *General Background*

The Agency filed a petition under section 300, subdivision (b) after Mother overdosed on pills in the presence of S.M.'s minor sibling, A.L., and the family called 911 for medical intervention. The petition alleged 10-year-old S.M. was at risk of abuse or neglect in the care of Mother or F.L.,

---

[1]    Further undesignated statutory references are to the Welfare and Institutions Code.

[2]    The record refers to S.M.'s maternal grandmother as Katherine M., Katherine B., and Kathleen B. We refer to her as Katherine B. in this opinion.

2

who was the presumed father of A.L.[3]  The petition also alleged Mother and F.L. had a history of excessive use of drugs and alcohol; S.M. regularly observed drug use in the family home; and Mother and F.L. had a history of violence, including hitting S.M. while under the influence of alcohol.

At the March 7, 2023 detention hearing, the court made a prima facie finding and ordered out-of-home detention for S.M.

At the September 18, 2023 contested disposition hearing, the court ordered reunification services.  The reunification services were continued at the six-month review hearing.

At the June 12, 2024 contested 12-month review hearing, the juvenile court terminated reunification services.

At the January 28, 2025 contested section 366.26 hearing, the court terminated Mother's and presumed father B.M.'s parental rights.

B.  *ICWA*

In its March 7, 2023 detention report, the Agency reported that in January 2015, the juvenile court found ICWA did not apply.  The agency spoke to S.M.'s adult brother Jose P., adult sister Alisa P., and a maternal aunt Damaris P., who each denied Native American ancestry.  The social worker also spoke to a maternal great-aunt, Elizabeth C.  The report did not indicate whether they discussed Native American ancestry.

At the March 7, 2023 detention hearing, the court asked S.M. if he knew of any Native American ancestry in his family.  S.M. said he did not think there was any.  The court found there was reason to believe S.M. was Native American and directed the Agency to investigate and report to the court.

---

[3]  S.M.'s presumed father B.M. is incarcerated.  Although he participated in the proceedings, he is not a party to this appeal.

In its April 10, 2023 jurisdiction and disposition report, the Agency indicated S.M.'s maternal grandmother, maternal adult half-sister, and maternal great-aunt denied Native American ancestry. Maternal great-aunt Rita C. reported she and her children were active in tribal activities. However, she and S.M.'s grandmother had different fathers, and S.M.'s grandmother was not Native American.

The Agency unsuccessfully attempted to reach maternal brother Benjamin P., an adult sibling Jose P., Katherine B.,[4] and three other individuals: Maria L., Jose R., and David C., whose familial relationships to S.M. were not identified. A social worker also communicated with paternal uncle Darrel M. regarding placement. It is not clear if the Agency asked Darrel M. about Native American ancestry.

Mother filled out the ICWA-020 form on which she indicated she was not aware of Native American ancestry. The Agency recommended the court find ICWA did not apply.

At the April 10, 2023 jurisdiction and disposition hearing, Mother confirmed she did not have Native American ancestry. B.M. also denied Native American ancestry.

At the September 18, 2023 contested disposition hearing, the court found without prejudice that ICWA did not apply to the proceeding. The court similarly found without prejudice at the six- and 12-month review hearings that ICWA did not apply.

In its October 10, 2024 section 366.26 report, the Agency recommended the court find without prejudice that ICWA did not apply.

On December 23, 2024, Mother stated she believed she had either Aztec or Mayan ancestry. She also reported her uncle David C. had Native

---

[4]     The court eventually communicated with Katherine B.

American ancestry and attended pow wows at Sycuan/Kumeyaay. No one in her family was enrolled in a tribe, lived on a reservation, received assistance from a tribe, or spoke a Native American language. But Mother believed David C. had more information. She believed David C. was incarcerated.

A social worker completed inmate searches on the San Diego Sheriff's "Who's in Jail" website and the California Department of Corrections and Rehabilitation inmate search twice in January 2025. The Agency did not locate David C.

At the January 28, 2025 contested section 366.26 hearing, the court found without prejudice that ICWA did not apply to the proceeding.

DISCUSSION

The Agency concedes that proper inquiry under ICWA was not completed at the time of the section 366.26 hearing.

A. *Legal Principles*

Congress enacted ICWA to address concerns regarding the separation of children with Native American ancestry from their tribes through adoption or foster care placement with non-Native American families. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) The juvenile court and the Agency have an affirmative and continuing duty to inquire whether a dependent child "is or may be an Indian child" in all dependency proceedings. (§ 224.2, subd. (a).)

California's current statutory scheme contains "three distinct duties regarding ICWA in dependency proceedings." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052 (*D.S.*).) First, from the Agency's initial contact with minors and their family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be a Native American child. (§ 224.2, subds. (a), (b).) Second, if the initial inquiry creates a "reason to believe" the children have Native American ancestry, the Agency is required to make

5

further inquiry in the status of the children as soon as is practicable. (*D.S., supra*, at p. 1052, citing § 224.2, subd. (e).) "Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply." (*D.S., supra*, at p. 1052.)

In its initial inquiry, the Agency is obligated to conduct an ICWA inquiry of those who qualify as " 'extended family member[s],' " as defined in ICWA. (See 25 U.S.C. § 1903(2); § 224.1, subd. (c)(1).) ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c)(1).) Additionally, under California law, the Agency has a duty to ask others who have an interest in the child whether the child is or may have Native American ancestry. (§ 224.2, subd. (b).)

"On appeal, we review the juvenile court's ICWA findings for substantial evidence." (*D.S., supra*, 46 Cal.App.5th at p. 1051.) However, where the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied. (*Ibid.*)

B.    *Analysis*

Mother contends the Agency failed to meet its initial inquiry obligations because it did not communicate about potential Native American ancestry with paternal uncle Darrel M. Although the Agency communicated about S.M.'s possible placement with Darrel M., the record does not show the Agency asked about possible Native American ancestry. The Agency concedes it did not conduct initial inquiry with Darrel M.

6

Mother also argues that the Agency failed to comply with its initial inquiry duty because it undertook limited efforts to locate maternal uncle David C. The Agency explains it did not know David C.'s relationship to S.M. It is not clear if David C. is an extended relative, though Mother referred to him as an uncle. Still, the Agency attempted to contact David C. and conducted unsuccessful online searches. Though the Agency's duty of inquiry does not require it to " 'cast about' " for information (*D.S., supra*, 46 Cal.App.5th at p. 1053), information about David C.'s relationship to S.M. and his location may be available through contact with other family members. Thus, as the Agency concedes, further inquiry with David C. could be necessary.

Finally, Mother contends the Agency failed to make inquiry of S.M.'s paternal grandmother Katherine B. The Agency concedes it had access to Katherine B. and communicated with her but did not document whether she was asked about possible Native American ancestry. Thus, it should also conduct inquiry with her.

Because the record reflects that proper inquiry was not completed at the time of the section 366.26 hearing, we accept the Agency's concession.

DISPOSITION

The orders entered by the juvenile court on January 28, 2025, made pursuant to section 366.26, are conditionally reversed. The matter is remanded to the juvenile court for the limited purpose of fully complying with the inquiry provisions of ICWA and related California law.

If after inquiry, neither the Agency nor the juvenile court has reason to believe S.M. is a child with Native American ancestry, the order shall be reinstated. Alternatively, if after completing the inquiry, the Agency or the juvenile court has reason to believe or know S.M. has Native American

7

ancestry, the juvenile court shall proceed in conformity with ICWA and related California law.  Remittitur shall issue immediately.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


CASTILLO, J.